UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Thomas Williams, | ) | Civil Action No. 4:07-00322-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Equifax Credit Information | ) | |
| Services and BellSouth Telco. | ) | |
| SC, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff initiated this action in state court pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and for common law libel. The defendant Equifax removed the case to this Court with the consent of defendant BellSouth on the basis of federal question jurisdiction under 28 U.S.C. §1331.

Defendant BellSouth moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.[1] The grounds for the motion are that (1) there is no causal relationship between the defendant's alleged violation of the FCRA and the plaintiff's loss of credit, no proof of actual damages, and thus no cognizable claim under the Act; (2) there is no evidence to support the plaintiff's claims for wilful violation of the FCRA; and (3) Plaintiff's common law libel claim is preempted, and Plaintiff cannot show special damages.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

**LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for

summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*.

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

## FACTS

This action arises out of a delinquent cellular telephone account which was reported on Plaintiff's credit report. Plaintiff contends that he never assumed responsibility for the account which BellSouth advised him belonged to his deceased wife and that the delinquency should not have appeared on his credit report. He contends, *inter alia*, that BellSouth violated the FCRA in failing to properly investigate the matter and to request Equifax to remove the disputed item from his credit report. He contends that First Citizens Bank refused to approve a loan for the purchase of a home due to the inaccurate entry on his credit report.

**ISSUE ONE: Has the Plaintiff Proved a Causal Relationship Between the Allegedly Inaccurate Credit Report and His Loss of Credit to Support His Claim for Actual Damages?**

The Fair Credit Reporting Act provides that "any person who is **negligen**t in failing to comply with any requirement imposed under this title. . . with respect to any consumer is liable to that consumer

in an amount equal to the sum of (1) any **actual damages** sustained by the consumer as a result of the failure; and (attorney's fees and costs)." 15 U.S.C. § 1681o (emphasis added). The Act further provides that "Any person who **willfully** fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)(A) any **actual damages** sustained by the consumer as a result of the failure **or** damages of not less than $100 and not more than $1000. . . ; (2) such amount of punitive damages as the court may allow."[2] 15 U.S.C. § 1681n(a).

Defendant BellSouth contends that Plaintiff has failed to present any evidence that the allegedly erroneous inclusion of the debt on his credit report resulted in the denial of his mortgage loan; that he therefore cannot prove actual damages[3]; and that summary judgment should be granted as to his FCRA claims. Defendant submits in support of its motion an affidavit of Ms. Gwendolyn Dutton, the loan officer from First Citizens Bank in which she acknowledges the fact that the plaintiff's credit report contained three delinquent accounts (one of them being the BellSouth account) but states that "regardless of the delinquent accounts reflected on his credit report, Mr. Williams' loan application could not have been approved by First Citizens Bank because his debt-to-income ratio exceeded the maximum acceptable ratio."

Defendant contends that, without a causal relationship between the alleged violation of the Act

---

[2] The statute also allows an award of attorney's fees and costs in "any successful action." 15 U.S.C. § 1681n(a).

[3] On proper proof, a plaintiff may recover actual damages for emotional distress under the FCRA. *See Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 418 (4th Cir. 2001). However, although the unverified Complaint requests such damages, the plaintiff has not submitted any affidavits or deposition testimony in support of such allegations. Nor does he address these types of actual damages in his response to the motion for summary judgment.

and the denial of credit, Plaintiff cannot obtain an award of "actual damages" or any relief at all. Defendant cites several cases from outside this circuit as authority. *See, e.g., Crabill v. TransUnion, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151 (11th Cir. 1991).

Plaintiff filed a memorandum in response to the motion for summary judgment and attaches two letters on First Citizens letterhead regarding the loan and an internal print-out from BellSouth regarding the cellular telephone account. The first letter from First Citizens is dated July 28, 2005 and is a Notice to Home Loan Applicant regarding his credit score. It indicates that "credit scores are important because they are used to assist the lender in determining whether you will obtain a loan." The second letter from First Citizens is a letter dated August 11, 2005 which states that the loan has not been approved. It further indicates "in evaluating your application, the consumer reporting agency listed below provided us with information that in whole or in part influenced our decision." Plaintiff contends that the affidavit of the loan officer contradicts what she told the plaintiff orally as to the reason that the loan was not approved and also that the letter to him which denied the loan does not mention the debt to income ratio. Defendant asserts in its Reply memorandum that the alleged oral statements made to the plaintiff by a non-party and the letters are inadmissible hearsay.

Plaintiff's counsel has not submitted to the Court any affidavits or deposition excerpts. He has requested the defendant to file the original deposition of the plaintiff, but the deposition has not been filed.[4] Plaintiff contends that the prior inconsistent statements by the loan officer create a genuine issue of material fact. The Court disagrees. Hearsay evidence which is inadmissible at trial cannot be

---

[4] It is incumbent on the nonmoving party, in this case the plaintiff, to file with the court any depositions on which he relies.

considered on a motion for summary judgment. *Maryland Highways Contractors Ass'n, Inc. v. State of Md.*, 933 F.2d 1246, 1251 (4th Cir. 1991). (The Court, however, can consider affidavits, which are specifically allowed under Rule 56.) The Court has not been provided with a copy of the deposition testimony of the plaintiff. However, even if he did testify as to what the loan officer told him as to the reason the loan was denied, this would clearly be hearsay. In addition, the unsigned letters attached to the plaintiff's memorandum cannot be considered by the Court. "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). "In particular, a letter 'must be attached to an affidavit and authenticated by its author in the affidavit or a deposition." *Id.*, *citing* 10A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2722, at 58-60 (1983 and 1993 Supp.). The letters in the case at bar have not been offered through depositions or affidavits of a business records custodian of the third party, First Citizens Bank, to avoid authentication problems or hearsay problems.[5] These are not records of a party but rather a witness.

Therefore, the only admissible evidence with which the Court has been provided on actual damages is the uncontroverted affidavit of the loan officer that she could not have made him the loan due to the bank's policies regarding debt-to-income ratios. The Court thus grants the defendant's motion for summary judgment regarding **actual damages** under the FCRA.

**ISSUE TWO: Even If the Plaintiff Has Not Proven Actual Damages, Can His Case under the Fair Credit Reporting Act Still Go Forward?**

"If a violation is negligent, the affected consumer is entitled to actual damages (and attorney's fees)... If willful, however, the consumer may have actual damages, or statutory damages ranging from

---

[5] If properly authenticated, the letters might have been admissible as business records under Fed. R. Evid. 803(6).

$100 to $1000, and even punitive damages . . ." *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201, 2206 (2007). In *Safeco*, the Court found that a defendant's acts are wilful where they are knowing or in reckless disregard of the provisions of the FCRA. "It is this high risk of harm, objectively assessed, that is the essence of recklessness at common law." *Id*., 127 S.Ct. at 2214. Notably, the Fourth Circuit has held that "actual damages are not a statutory prerequisite to an award of punitive damages under the Act. The award of punitive damages in the absence of actual damages, in an appropriate case, comports with the underlying deterrent purpose of the FCRA." *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 972 (4th Cir. 1987). *See also*, *Saunders v. Equifax Information Services, L.L.C.*, 469 F. Supp.2d 343, 348 (E. D.Va. 2007)(Act allows punitive damages award "on either sufficient proof of actual damages or, in the alternative, an award of statutory damages.")

The Court finds that the plaintiff has submitted sufficient evidence of wilfulness to withstand summary judgment. He has attached to his brief an internal memorandum, produced by the defendant BellSouth during discovery, which would arguably be admissible and which reveals that Plaintiff challenged the fact that his wife's bill was showing on his credit report and which arguably indicated that the matter was transferred to the fraud department because the account was opened after her death. Therefore, the motion for summary judgment is denied as to the plaintiff's claim under the Act for wilfulness, *except* as to any claim for actual damages.

**ISSUE THREE: Is Plaintiff's Claim for Libel Preempted by the Act and Has He Proved Special Damages?**

Defendant contends that the libel claim is barred by the provision of the FCRA that, except as provided in §§ 1681n and 1681o, a consumer cannot bring an action for defamation against a person

who furnishes false or inaccurate information to a credit reporting agency unless "the false information [was] furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e).[6] The Fourth Circuit has held, applying South Carolina law, that malice under the FCRA occurs where the defendant acted with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights. *Beattie v. NationsCredit Fin. Servs. Corp.*, 69 Fed. Appx. 585, 590-91 (4th Cir. 2003). This court cannot definitively hold under the facts presented that the plaintiff cannot show malice or wilful intent to injure. Therefore, the claim is not preempted under section 1681h(e).

Defendant next asserts that, because there is no causal relationship between the alleged inaccurate credit report and the denial of the loan application, the plaintiff has failed to present evidence of special damages. Plaintiff has not responded to this argument. The Court assumes that Plaintiff concedes this argument by not responding. The Court grants the defendant's motion for summary judgment as to the libel claim for the reasons argued by the defendant.

For the foregoing reasons, the undersigned **GRANTS IN PART AND DENIES IN PART** the defendant BellSouth's motion for summary judgment. The motion is GRANTED as to the plaintiff's claim under the FCRA for **actual damages** and as to the libel claim. However, the motion is DENIED as to the plaintiff's claim under the FCRA for statutory and punitive damages and attorney's fees.

---

[6] Defendant has not asserted preemption pursuant to 15 U.S.C. § 1681t. *See* discussion of the applicability of this type of preemption in *Barnhill v. Bank of America*, 378 F.Supp.2d 696 (D.S.C. 2005).

**AND IT IS SO ORDERED.**

                                                    s/ R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Court Judge

December 17, 2007
Florence, South Carolina